No. 2033.—C. YALE, JR., & CO. *v.* STEVENSON & MAY and E. MARQUEZE & CO.

To maintain a suit of sequestration of a lot of cotton or the proceeds thereof, on the ground of alleged ownership, it devolves on the party claiming to show a title at the time the sequestration was levied. A muniment of title, either of a negative or positive character, acquired subsequent to the sequestration, will not be admitted to bolster up a defective title or supply the want of title at the time the sequestration was levied.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J.* *Semmes & Mott,* for plaintiffs and appellants. *A. & M. Voorhies,* for defendants and appellees.

WYLY, J. The plaintiffs have appealed from the judgment dismissing their sequestration and rejecting their demand for the proceeds of thirty bales of cotton, shipped from Jefferson, Texas, by Wright, Harrison & Co., on the order of W. McMasters to Stephenson & May, cotton factors of this city, for account of E. Marqueze & Co.

Stephenson & May, having paid over the proceeds of the cotton to the sheriff, were released by agreement of the parties from further responsibility on account thereof, and have no further interest in this litigation.

The proceeds in the hands of the sheriff were subsequently released on bond to the defendants in sequestration, E. Marqueze & Co.

The petition filed December 26, 1865, alleges that the plaintiffs heretofore had and owned a lot of cotton which was on storage at Jefferson, Texas, in the hands of J. M. & J. C. Murphy; that afterward, to wit, on or about the fourth of October, 1865, thirty bales of said cotton, valued at $6000, the property of plaintiffs, were shipped to Stephenson & May, a commercial firm residing in the city of New Orleans, with instructions to pay the proceeds over to E. Marqueze & Co.; that said cotton was so shipped without their knowledge or con-

sent, and has been sold, and that said consignees refuse to deliver to them the proceeds. On these averments they prayed for a sequestration and to be decreed the owners of the proceeds.

It appears that there was a large amount of cotton belonging to various parties, stored in the warehouse of J. M. & J. C. Murphy, at Jefferson, Texas, during the war; that the cotton in dispute was seized by the United States authorities as the property of the Confederate States, and was turned over to the warehouse keepers, Wright, Harrison & Co., for account of W. McMasters by J. C. Murphy, on following order, to wit: "Headquarters United States Forces, the Special Order No. 3, Post Jefferson, September 7, 1865. Mr. J. C. Murphy will turn over to W. McMasters thirty-three bales of cotton, seized as the property of the so-called Confederate States, it having been released by the proper officer of the United States Treasury Department.          J. B. JONES, Captain Commanding."

The cotton thus passed out of the possession of J. M. & J. C. Murphy, with whom the plaintiffs claim to have had cotton in storage, into the possession of W. McMasters, who appears to have been a member of the firm of E. Marqueze & Co., or to have acted in reference to this cotton as their agent.

E. Marqueze & Co. were therefore in possession through their consignees, at the time the sequestration was levied. It therefore devolves on the plaintiffs to recover on the strength of their own title.

A careful examination of the evidence satisfies us that the plaintiffs have failed to prove their ownership of the cotton, the proceeds of which they have sequestered. They have utterly failed to identify the cotton as their property.

But, in order to strengthen their claim to the cotton, the plaintiffs offered in evidence the following instrument, to wit:

"C. Yale, Jr., & Co.,  
        v.  
E. Marqueze & Co. and  } Third District Court, No. 20,401  
Stephenson & May.  

We, the undersigned, abandon and transfer to the plaintiffs, C. Yale, Jr., & Co., in the above suit, all our right, title and interest to the thirty bales of cotton involved in this suit and to the proceeds thereof.

WHEELER, GEIGER & CO.  
DARCY & WHEELER.  
FOLGER & CO.  
SLARK, STAUFFER & CO.  
PAYAN & CARHART, In Liquidation  
WILLIAM C. THOMPKINS & CO.  
J. L. HERWIG, Agent for Widow S. Nogues."  

The above act of abandonment was not dated, but it was admitted

to have been executed only six or eight months previous to the trial, to wit: seventeenth December, 1868.

This act does not benefit the plaintaiffs, even admitting that the parties signing it also had cotton stored in the warehouse of J. M. & J. C. Murphy, at Jefferson, Texas, during the war, and probably this may be some of their cotton. The plaintiffs asserted title, December 26, 1865; they declared on that title and on the strength thereof sequestered the proceeds of the cotton involved in this suit. They must recover, if at all, on the title they declared on, and under which they sequestered the proceeds and summoned the defendants to trial.

They will not be permitted to strengthen their sequestration on a title acquired three years after their suit was instituted.

If they had no title whatever to the property in dispute at the time of instituting the suit, their sequestration was wrongfully obtained and their action on that ground must fail. We think the judgment of the court below in favor of the defendants is correct.

Judgment affirmed.